PROB 12C
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 42]

Name of Offender: Darren Eugene Collier    Case Number: 3:08-00203

Name of Current Judicial Officer: The Honorable Todd J. Campbell, U.S. District Judge

Name of Sentencing Judicial Officer: The Honorable Thomas A. Wiseman, Senior U.S. District Judge

Date of Original Sentence: October 5, 2009

Original Offense: 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm

Original Sentence: 60 months' custody and 3 years' supervised release

Type of Supervision: Supervised Release    Date Supervision Commenced: December 18, 2013

Assistant U.S. Attorney: Clay Lee    Defense Attorney: Caryll Alpert

## PETITIONING THE COURT

____ To issue a Summons.
____ To issue a Warrant.
_X_ To Consider Additional Alleged Violations/Information

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations/Information
☐ Other

Considered this 3 day of Sept, 2015, and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place    Nashville, Tennessee

Date    September 3, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>42</u>, has been amended as follows:

**Violation No. 2 - had been amended to include an additional failure to report for drug testing**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from any unlawful use of a controlled substance.** |

On May 26, June 1, and June 24, 2015, Mr. Collier tested positive for marijuana. On June 1, 2015, he reported recent use of cocaine and marijuana. On July 6, 2015, he tested positive for cocaine.

A toxicology report was requested from Alere Toxicology to determine if the drug tests from June 1 and June 24, 2015, were positive for marijuana as a result of residual concentration from previous use or as a result of new use. According to Pat Pizzo, Director of Toxicology from Alere Toxicology, Mr. Collier reused marijuana prior to the collections on June 1 and June 24, 2015.

2.   **The defendant shall participate in a program of drug testing.**

Mr. Collier failed to report for drug testing on May 21 and July 20, 2015.

Mr. Collier submitted diluted urine samples on June 1 and June 17, 2015.

**Mr. Collier failed to report for drug testing on August 10, 2015.**

3.   **The defendant shall participate in a program of substance abuse treatment.**

Mr. Collier failed to report for substance abuse treatment on June 17, July 6, and July 15, 2015.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Collier began supervised release on December 18, 2013. He is scheduled to terminate supervision on December 17, 2016.

Mr. Collier was referred for a substance abuse assessment in January 2014. An assessment was completed on March 7, 2014. He was recommended for outpatient substance abuse treatment.

On April 1, 2014, a report requesting no action was submitted to the Court to inform that Mr. Collier both tested positive and failed to participate in drug testing in February 2014. No action was taken at that time.

On June 25, 2014, a report requesting no action was submitted to the Court to inform he tested positive for cocaine on two occasions and failed to report for drug testing on two occasions. No action was taken at that time.

On July 24, 2014, a petition requesting a summons was submitted to the Court reporting that Mr. Collier tested positive for marijuana. A summons was ordered by the Court.

On December 23, 2014, the petition was ordered to be dismissed and the scheduled revocation hearing was cancelled. In April 2015, Mr. Collier was recommended for termination from substance abuse treatment for successful program completion.

Following the drug test on June 1, 2015, Mr. Collier met with the probation officer and reported recent use of marijuana and cocaine. He stated that he needed to return to substance abuse treatment as financial and relational life pressures were increasing and he was again making poor choices. He was referred again to substance abuse treatment with Centerstone as requested. On July 7, 2015, the probation officer met with Mr. Collier. Mr. Collier reported that though he had been considering "giving up" and attempting to return to custody to "flatten his time," he had decided to attempt to remain on supervised release. He was working on dealing with his life stressors with his girlfriend and a pastor. He denied recent drug use and reported the positive drug tests were from residual marijuana use. On July 10, 2015, upon receiving the toxicology report that indicated the repetitive positive drug tests were a result of new use, the probation contacted Mr. Collier. He admitted that he had repetitively used illegal substances but intends to stop use illegal drugs in order to remain on supervised release. On July 21, 2015, the probation officer spoke with Mr. Collier to address his repetitive failures to attend substance abuse treatment. He reported that he could not attend the substance abuse session that he was currently scheduled for as his work schedule conflicted with the treatment sessions. He was changed to a treatment session later in the evening in order to accommodate his employment scenario. Mr. Collier has been admonished regarding reporting late in the day for drug testing and submitting diluted urine samples. He has been cautioned to not drink excessive fluids prior to reporting for drug testing in order to submit a valid urine sample. On July 21, 2015, Mr. Collier tested negative for illegal drugs.

**On August 7, 2015, a petition requesting a summons was submitted to the Court to report that Mr. Collier tested positive for illegal drugs on four occasions, failed to report for drug testing on two occasions, submitted diluted urine samples on two occasions, and failed to report for substance abuse treatment on three occasions. A summons was ordered by the Court.**

**Following the missed drug test on August 10, 2015, the probation officer contacted Mr. Collier to instruct him to report for testing on August 11, 2015. On August 11, 2015, Mr. Collier tested negative for illegal drugs. He apologized for missing the drug test and advised that he had been unable to report for testing as he was working in Dickson, Tennessee, and on the way back to Nashville, Tennessee, his vehicle broke down. He was reprimanded for failing to contact the probation officer regarding the transportation problem. Since his last positive drug test, Mr. Collier has tested negative on four occasions.**

### Update of Offender Characteristics:

**Mr. Collier has maintained employment while on supervised release and is currently employed with Express Professionals in Nashville, Tennessee. He resides with his girlfriend in Nashville, Tennessee.**

### U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violation be considered at the revocation hearing before Your Honor. The U. S. Attorney's Office has been notified and concurs with the above recommendation.**

Approved by: _____
 Vidette Putman
 Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. DARREN EUGENE COLLIER, CASE NO. 3:08-00203

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer